IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| LAURA UNDERWOOD, AS EXECUTRIX OF THE ESTATE OF DOUGLAS STILES, DECEASED, AND AS A WRONGFUL DEATH BENEFICIARY AND HEATHER K. STILES AS A WRONGFUL DEATH BENEFICIARY | PLAINTIFFS |
| VERSUS     CIVIL ACTION NO. 1:21-cv-145-TBM-JCG | |
| UNITED STATES OF AMERICA | DEFENDANT |

**COMPLAINT**
**(NON-JURY TRIAL)**

Plaintiffs, Laura Underwood, as Executrix of the Estate of Douglas Stiles and as a Wrongful Death Beneficiary of Douglas Stiles, Deceased, and Heather K. Stiles as a Wrongful Death Beneficiary complain of the Defendant, United States of America, as follows:

**PARTIES**

**I**.

Plaintiff, Laura Underwood ("Laura"), is an adult residence citizen of the state of Mississippi residing at 4230 Oakridge Place, Biloxi, Mississippi 39532 and is the duly appointed Executrix of the Estate of Douglas Stiles ("Douglas"). Laura is the adult

daughter of Douglas. This action of instituted on behalf of the Estate and all Wrongful Death Beneficiaries of Douglas.

II.

Plaintiff, Heather K. Stiles ("Heather"), is an adult resident citizen of Harrison County, Mississippi, Second Judicial District and is a wrongful death beneficiary of Douglas. Heather is an adult daughter of Douglas.

III.

The Defendant, United States of America, may be served with process by serving Honorable Darren J, LaMarca, Acting United States Attorney for the Southern District of Mississippi at 501 East Court Street, Jackson, Mississippi 39201; Honorable Merrick B. Garland, United States Attorney General, Robert F. Kennedy Building, 10th Street & Constitution Avenue NW, Suite 5137, Washington, DC 20530; and Deb Haaland, Secretary of the Interior, U.S. Department of the Interior, 1849 C Street NW, Washington, DC 20240.

**JURISDICTION AND VENUE**

IV.

This civil action is instituted pursuant to 28 U.S.C. § 1346(b) and 28 U.S.C. § 2671, et seq. The claim advanced herein falls under the purview of 28 U.S.C. § 1346(b).

V.

This Court has jurisdiction over the parties and subject matter of this litigation pursuant to 28 U.S.C. 1402(b). Venue is proper in this jurisdiction because Laura resides within the venue jurisdiction of this Court and the acts or omissions complained of occurred within the jurisdiction of this Court, particularly within the Southern Division, Southern District of Mississippi.

VI.

This action arises under the Federal Tort Claims Act. On October 27, 2020, Laura Underwood filed her Administrative Claim with the United States of America, Keesler Medical Center, by submission of Standard Form 95.

VII.

The required period of six (6) months has expired since the filing of the Administrative Claim. Plaintiff files this civil action pursuant to the provisions and under the authority of the Federal Tort Claims Act.

**FACTS AND CAUSES OF ACTION**

VIII.

On November 5, 2018 Douglas was seen by Dr. Robert Gerard at Keesler Medical Center for pre-operative planning for an elective bilateral inguinal hernia repair scheduled for November 29, 2018. During the pre-op visit, a relevant finding was Douglas's history of COPD requiring 4 liters of 02 with activity. A CT Scan of the abdomen and pelvis was performed on November 6, 2018 and the findings relevant to

pulmonary system were, "Severe centrilobular and paraseptal emphysema." On November 14, 2018 Douglas was evaluated and cleared without limitation by Dr. Adam Marler, Cardiologist at Keesler Medical Center, for the hernia surgery.

## IX.

On November 29, 2018 Douglas was admitted for surgery and the surgery began at 9:41 a.m. The surgery was in process until Douglas began having trouble being ventilated as the tidal volumes were low and the end-tidal $CO_2$ was increasing then the "patient began sliding." At approximately 11:49 a.m. Douglas's condition began to deteriorate as it became difficult to ventilate him and his vital signs became very erratic. Dr. Regina Reinsvold, an anesthesiologist at Keesler Medical Center, arrived in the operating room at 11:59 a.m. and code drugs were administered at 12:01 p.m. Transvenous pacing by Cardiology was done at 12:33 p.m. Due to Douglas's decline in cardiac status the hernia repair was not completed. At 1:20 Douglas remained intubated and was transported from the operating room to ICU. Dr. Latack, a nephrologist at Keesler Medical Center, began dialysis due to hyperkalemia (k of 7.5) and acidosis at 3:56 p.m. and discontinued dialysis at 4:50 p.m. Douglas began coding when he arrived in ICU and he coded continuously until his demise at 5:17 p.m. The vital signs became erratic and he became bradycardic developing complete heart block. He experienced renal failure as evidenced by the need for hemodialysis due to acidosis and hyperkalemia (potassium 7.5). Douglas was never able to recover despite resuscitation which progressed to Douglas's untimely death.

**X.**

An autopsy of Douglas indicated: "Findings at autopsy are significant for a cardiomyopathy, hypertensive atherosclerotic disease, severe emphysema . . . Although the etiology of the low tidal volumes with increasing end-tidal CO2 during the patient's operation is unknown, once the patient became bradycardic, coded and became hyperkalemic, these disease conditions either independently, or more likely synergistically, contributed to his death."

**XI.**

Keesler Medical Center, a federal agency of the United States, by and through its physicians and staff, was negligent in one or more respects as set forth herein.

**XII.**

The Plaintiffs institute this action for the purpose of recovering damages for the wrongful death of their father, Douglas, proximately caused by the elective surgical procedure when his physicians at Keesler Medical Center knew, or with the exercise of reasonable care should have known, that Douglas suffered from severe emphysema and significant cardiomyopathy with hypertensive atherosclerotic disease and known bifasicular block and was not a candidate for elective surgery. Further, once the elective surgery was initiated Kessler Medical Center, its physicians and staff, failed to exercise minimal care in the treatment of the serious and life threatening events occurring during the surgery.

## XIII.

The treatment rendered by Keesler Medical Center, by and through its physicians and staff, failed to meet the minimal standard of care required of minimally competent physicians. Keesler Medical Center, by and through its physicians and staff, owed a non-delegable duty to Douglas to render medical care consistent with the minimally acceptable levels of competency of physicians and were further expected to demonstrate the skill of a minimally qualified physician on whether to perform the surgery and once surgery was initiated during the critical medical events that manifested during the surgery of Douglas, yet they failed to do so.

## XIV.

The Plaintiffs charge that Keesler Medical Center, by and through its physicians and staff, were negligent in one or more of the following respects which proximately caused or contributed to Douglas's death:

1. In negligently failing to exercise minimal care in the evaluation and care of Douglas, both pre-surgically and during the surgery.

2. In negligently failing to properly monitor and treat the condition of Douglas resulting in a total failure to recognize and treat the critical condition of Douglas that was manifest during the surgery.

3. In allowing Douglas to undergo an elective surgical procedure when Douglas was known to have severe emphysema and significant

cardiomyopathy with hypertensive atherosclerotic disease and known bifasicular block.

## XV.

As a direct and proximate result of one or more of the acts of negligence on the part of Keesler Medical Center, by and through its physicians and staff, the Plaintiffs, as wrongful death beneficiaries, have suffered the loss of association, love, affection and companionship resulting from the untimely death of Douglas. Furthermore, Douglas suffered physical pain during the times identified herein to the point of his demise.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiffs seek judgment against the Defendant in the total amount set forth in the Administrative Claim**,** Standard Form 95, together with post judgment interest.

**RESPECTFULLY SUBMITTED**, this the 29th day of April, 2021.

PLAINTIFFS

OWEN and OWEN, PLLC

BY: /s/ JOE SAM OWEN, MSB #3965

Joe Sam Owen (MSB # 3965)
Mitch Owen (MSB # 103895)
OWEN and OWEN, PLLC
Post Office Drawer 420
Gulfport, MS 39502
228/868-2821 – Telephone
228/864-6421 – Facsimile
jso@owen-owen.com
**mlo@owen-owen.com**